**In the United States Court of Federal Claims**
**OFFICE OF SPECIAL MASTERS**
**No. 20-19V**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | * | |
| PAMELA STEWART, | * | Filed: April 3, 2025 |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES | * | |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Timothy R. McCarthy*, Nutt Law Office, Louisville, KY, for Petitioner.

*Tyler King*, U.S. Department of Justice, Washington D.C., for Respondent.

### DECISION AWARDING DAMAGES[1]

On January 2, 2020, Pamela Stewart ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleges that an influenza vaccine she received on October 5, 2018, caused "adverse effects," including pain, swelling, and an abscess. *See generally* Petition. The vaccine she received was administered by a Kentucky mobile vaccination entity that was later determined to have exercised inadequate safety control over its vaccines, resulting in numerous vaccinated individuals experiencing comparable abscess injuries.

I issued an entitlement decision on March 5, 2025, ruling in Petitioner's favor. *See* Ruling on Entitlement, dated Mar. 5, 2025 (ECF No. 37). On April 2, 2025, Respondent filed a proffer

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

proposing an award of compensation. (ECF No. 39). I have reviewed the file, and based upon that review I conclude that Respondent's proffer (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The proffer awards:

- A lump sum payment of **$10,000.00**, representing compensation for pain and suffering, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner, Pamela Stewart.

Proffer at II. This amount represents all elements of compensation to which Petitioner is entitled under 42 U.S.C. § 300aa-15(a).

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| PAMELA STEWART,<br><br>      Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>      Respondent. | No. 20-19V<br>Chief Special Master Brian H. Corcoran<br>ECF |

## **RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On January 2, 2020, Pamela Stewart ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to 34, as amended ("Vaccine Act" or "Act"), for injuries and damages alleged to result from an influenza ("flu") vaccine she received on October 5, 2018. Petition at 1. Specifically, petitioner alleged the flu vaccine caused her to develop a painful abscess on her left shoulder at the injection site. Petition at 2.

On November 13, 2024, respondent filed his Vaccine Rule 4(c) report arguing that petitioner's claim was not covered by the Vaccine Act because petitioner has not set forth preponderant evidence to satisfy the statutory "severity" requirement. ECF No. 32. On March 5, 2025, the Chief Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to vaccine compensation. ECF No. 37.[1]

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of the Chief Special Master's March 5, 2025, Ruling on Entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following the issuance of the damages decision.

### I.   Compensation

Respondent proffers that petitioner should be awarded $10,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4).  This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

### II.   Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of **$10,000.00**, to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

Respectfully submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

---

[2]  Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

3

*/s Tyler C. King*_____
TYLER C. KING
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146, Ben Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 305-0370
Fax: (202) 616-4310
Email: Tyler.King@usdoj.gov

Date: April 2, 2025